# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATHERINE BETEMPS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-17647** |
| **DOLGENCORP, LLC, et al.** | **SECTION: "G"(1)** |

## ORDER

This litigation arises out of Plaintiff Catherine Betemp's ("Plaintiff") claims for damages sustained on November 13, 2015, when she allegedly slipped and fell in liquid soap at a Dollar General store.[1] Plaintiff originally filed this action in state court, but Defendant DG Louisiana, LLC ("Defendant") removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Upon review of this matter, it came to the Court's attention that the Court may not have subject matter jurisdiction over this case. Even though Plaintiff has not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[3] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4]

On February 15, 2017, the Court ordered Defendant to submit evidence regarding the amount in controversy at the time of removal to the Court by March 1, 2017.[5] Defendant filed a responsive memorandum regarding the amount in controversy along with supporting

---

[1] Rec. Doc. 1-2 at 2.

[2] Rec. Doc. 1.

[3] *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[4] 28 U.S.C. § 1447(c).

[5] Rec. Doc. 7.

1

documentation on February 27, 2017.[6] For the reasons that follow, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000. Therefore, the Court lacks subject matter jurisdiction over the above-captioned matter and hereby remands it to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.

## **I. Background**

In her Petition for Damages, Plaintiff alleges that on November 13, 2015, she was injured when she slipped on liquid soap in Dollar General #1288 after Defendant negligently failed to exercise reasonable care by either ensuring the safety of the store or warning Plaintiff of the hazard in a timely manner.[7] Plaintiff claims that she sustained wrist, arm, shoulder, and back injuries as a result of Defendant's negligence, and that she required general medical care, physical therapy, pain management care, and surgery.[8]

On December 21, 2016, Defendant removed the case to this Court, asserting that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.[9] In its Notice of Removal, Defendant maintained that the Court has federal subject matter jurisdiction over the present case because the parties are diverse and it is facially apparent that amount in controversy exceeds $75,000.[10] On February 15, 2017, following the Fifth Circuit's guidance in *Simon v. Wal-Mart Stores, Inc.*[11] and *Gasch v.*

---

[6] Rec. Doc. 8.

[7] Rec. Doc. 1-2.

[8] *Id.* at 2.

[9] Rec. Doc. 1.

[10] *Id.* at 3.

[11] 193 F.3d 848, 850 (5th Cir. 1999).

*Hartford Accident & Indemnity Co.*,[12] the Court ordered Defendant to submit evidence regarding the amount in controversy at the time of removal.[13] Defendant filed a memorandum regarding the amount in controversy on February 27, 2016.[14]

## II. Parties' Arguments

### A. *Notice of Removal*

In its Notice of Removal, Defendant contends that it is facially apparent from Plaintiff's Petition for Damages that the amount in controversy exceeds $75,000.[15] Defendant points out that Plaintiff alleges that she suffered injuries to her right wrist, arm, shoulder, and back, "requiring general medical care, physical therapy, pain management, and shoulder surgery."[16] Moreover, Defendant avers that Plaintiff claims that she is entitled to recover damages for past, present, and future pain and suffering, loss of enjoyment of life, mental anguish and anxiety, medical expenditures, and lost earning capacity.[17] According to Defendant, several Louisiana courts have awarded damages exceeding the jurisdictional limit in "cases involving similar injuries and surgery."[18] Thus, Defendant asserts that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.[19]

---

[12] 491 F.3d 278, 281 (5th Cir. 2007).

[13] Rec. Doc. 7.

[14] Rec. Doc. 8.

[15] Rec. Doc. 1 at 3.

[16] *Id.* at 4.

[17] *Id.* at 4–5.

[18] *Id.* at 5 (citing *Quinn v. Wal-Mart Stores, Inc.*, 774 So.2d 1093 (La. App. 2 Cir. 12/6/00); *Burgess v. C.F. Bean Corp.*, 743 So.2d 251 (La. App. 4 Cir. 8/18/99); *Rayburn v. Ponthieux*, 902 So.2d 1136 (La. App. 3 Cir. 5/4/05); *Ibrahim v. Hawkins*, 845 So.2d 471 (La. App. 1 Cir. 2/14/03; *Younce v. Pacific Gulf Marine, Inc.*, 817 So.2d 255 (La. App. 5 Cir. 4/10/02)).

[19] *Id.* at 3.

**B.     *Defendant's Memorandum Regarding the Amount in Controversy***

In its "Memorandum Regarding the Amount in Controversy," Defendant argues that Plaintiff's medical and billing records support a finding that the amount in controversy exceeds $75,000.[20] Defendant asserts that Plaintiff underwent a right shoulder arthroscopy on February 19, 2016, and physical therapy for her "massive rotator cuff tear."[21] In sum, Defendant points to documents produced by Plaintiff and medical records obtained from the Bayou Region Medical Center that Defendant contends establishes $42,874.87 in medical expenses related to treatment of Plaintiff's right shoulder.[22] Defendant argues that Plaintiff's medical expenses, coupled with the fact that Louisiana courts have awarded amounts ranging from $75,000 to $150,000 in purportedly similar cases, show that the amount in controversy in this matter is greater than $75,000.[23]

Defendant also argues that Plaintiff's response to Defendant's Request for Admission supports the conclusion that the present amount in controversy exceeds $75,000.[24] Defendant asserts that it issued a Request for Admission reading "[p]lease admit that your damages do not exceed $75,000.00 exclusive of interest and costs," to which Plaintiff responded, "Denied."[25]

---

[20] Rec. Doc. 8 at 1–3.

[21] *Id.* at 2.

[22] *Id.*

[23] *Id.* at 4.

[24] *Id.* at 3–4.

[25] Rec. Doc. 8-4 at 1.

## III. Law and Analysis

*A.    Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[26] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[27] The removing party bears the burden of demonstrating that federal jurisdiction exists.[28] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[29] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[30]

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[31] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[32] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also

---

[26] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[27] 28 U.S.C. § 1332(a)(1).

[28] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[29] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[30] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[31] *See Allen*, 63 F.3d at 1335.

[32] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

generally control, barring removal.[33]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[34] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[35] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[36] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[37]

## B. *Analysis*

In her Petition for Damages, Plaintiff alleges that Defendant's negligence caused the following injuries: "(A) injuries to her right wrist, arm and shoulder, requiring general medical care, physical therapy, pain management and shoulder surgery; (B) Injuries to her lower back requiring medical care; and (C) Other acts which will be proven at trial."[38] Plaintiff argues that she is entitled to damages for her physical pain and suffering, loss of enjoyment of life, mental anguish and anxiety, medical expenditures, lost earning capacity, and "other damages not known at this

---

[33] *Id.*

[34] *See* La. Code Civ. P. art. 893.

[35] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[36] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[37] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[38] Rec. Doc. 1-2 at 3.

time."³⁹ On February 15, 2017, the Court found that the amount in controversy was not facially apparent, and thus the Court was unable to determine whether the amount in controversy exceeds $75,000.⁴⁰ Therefore, the Court ordered Defendant to submit evidence regarding the amount in controversy at the time of removal.⁴¹

In Defendant's "Memorandum Regarding the Amount in Controversy," Defendant offers evidence that Plaintiff had incurred $42,874.87 in medical expenses at the time of removal.⁴² However, this amount is far below the amount in controversy requirement of $75,000, and Defendant offers little additional evidence that the amount in controversy exceeds $75,000. Defendant does not submit any evidence of future medical treatments anticipated at the time of removal, or any evidence regarding the value of Plaintiff's other requests for damages, such as loss of enjoyment of life, mental anguish and anxiety, and loss of earnings.

Defendant also points to several Louisiana court cases where, according to Defendant, courts awarded damages exceeding $75,000 for "similar injuries and surgery."⁴³ However, other damages awards based on highly individualized facts and determined after a trial on the merits are insufficient to establish that, based on the jurisdictional facts that existed here at the time of removal, subject matter jurisdiction exists.⁴⁴ Defendant "must do more than merely show that

---

³⁹ *Id.*

⁴⁰ Rec. Doc. 7 at 4.

⁴¹ *Id.*

⁴² Rec. Doc. 8 at 3.

⁴³ *Id.* at 5 (citing *Quinn v. Wal-Mart Stores, Inc.*, 774 So.2d 1093 (La. App. 2 Cir. 12/6/00); *Burgess v. C.F. Bean Corp.*, 743 So.2d 251 (La. App. 4 Cir. 8/18/99); *Rayburn v. Ponthieux*, 902 So.2d 1136 (La. App. 3 Cir. 5/4/05); *Ibrahim v. Hawkins*, 845 So.2d 471 (La. App. 1 Cir. 2/14/03; *Younce v. Pacific Gulf Marine, Inc.*, 817 So.2d 255 (La. App. 5 Cir. 4/10/02)).

⁴⁴ *See Silva v. Hartford Ins. Co. of the Midwest*, No. 15-5844, 2016 WL 4501288, at *5 (E.D. La. Aug. 29, 2016) (Brown, J.) (noting that pointing to other cases with "highly individualized facts different from the facts at issue here" and other damages awards based on "the entire record after trial" is insufficient to establish that, based on the

plaintiff could recover more than the jurisdictional amount" to satisfy its burden.[45] Rather, Defendant must point to facts *in this case* that establish that the actual amount in controversy exceeded $75,000.[46] Despite Defendant's argument that the categories of damages that Plaintiffs list could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard," and is therefore not a improper standard when addressing amount in controversy questions.[47]

Moreover, each case cited by Defendant involved materially different facts and damages than are at issue here.[48] For example, in *Quinn v. Wal-Mart Stores, Inc.*, the Louisiana Second Circuit Court of Appeal affirmed the lower court's general damages award of $150,000 for the plaintiff's chronic pain and loss of enjoyment resulting from the plaintiff's shoulder injury and subsequent surgery.[49] The award was based upon evidence that the plaintiff "had been living with pain during the entire four years subsequent to the accident" and that "her injuries not only resulted in the loss of her chosen career, but also a certain amount of ability to take care of herself, her family, and her household leading to despondency and depression and a resultant loss of enjoyment

---

jurisdictional facts that exist at the time of removal, subject matter jurisdiction exists).

[45] *Id.*; *Bourg v. Fireman's Fund Ins. Co.*, No. 99-1066, 1999 WL 335636, at *1 (E.D. La. May 24, 1999) (Clement, J.) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995)).

[46] *See De Aguilar*, 47 F.3d at 1412.

[47] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

[48] Rec. Doc. 8 at 2. *See Peoples v. Fred's Stores of Tennessee, Inc.*, 2009-1270 (La. App. 3 Cir. 6/2/10), 38 So. 3d 1209, 1227 (awarding $85,000 for both cervical injuries and pain in the plaintiff's neck, left hand, and wrist for which surgery was recommended); *Ruffin v. Burton*, 2008-0893 (La. App. 4 Cir. 5/27/09), 34 So. 3d 301, 304 (awarding $125,000 for injuries causing pain in the shoulder and neck and the resulting medical treatment); *Collier v. Benedetto*, 04-1025 (La. App. 5 Cir. 2/15/05), 897 So. 2d 775, 780 (awarding $75,000 in general damages for injuries to the plaintiff's back, neck, knee, thigh and shoulder, including a small right disc protrusion at C5–C6 and cervical and lumbar muscle strains, resulting in a twenty-seven month treatment period).

[49] *Quinn v. Wal-Mart Stores, Inc.*, 774 So.2d 1093 (La. App. 2 Cir. 12/6/00).

of life."⁵⁰ Here, the only evidence presented relates to Plaintiff's prior medical and physical therapy expenses,⁵¹ and Defendant has not presented additional evidence of Plaintiff's other requests for damages. Similarly, in *Burgess v. C.F. Bean Corp.*, the Louisiana Fourth Circuit Court of Appeal affirmed the lower court's general damages award of $100,000 based upon evidence presented by medical experts indicating the plaintiff's pain and permanent disability.⁵² Here, however, Defendant presents no evidence of Plaintiff's pain or permanent disability and Plaintiff makes no disability claim in her complaint.

Defendant further contends that Plaintiff's response to Defendant's Request for Admission indicates that the amount in controversy exceeds $75,000.⁵³ In particular, Defendant asserts that it issued a Request for Admission, reading "[p]lease admit that your damages do not exceed $75,000.00 exclusive of interest and costs," to which Plaintiff responded "[d]enied" on February 16, 2017, *i.e.* after this case was removed to this Court.⁵⁴ As a general matter, it is well-established that subject matter jurisdiction is determined on the jurisdictional facts that exist at the time of removal.⁵⁵ Nonetheless, the Fifth Circuit has held that "post-removal affidavits *may be considered* in determining the amount in controversy at the time of removal" when "the basis for jurisdiction is ambiguous at the time of removal."⁵⁶ In the instant case, Plaintiff's general post-removal denial

---

⁵⁰ *Id.* at 1101.

⁵¹ Rec. Doc. 8.

⁵² *Burgess v. C.F. Bean Corp.*, 743 So.2d 251 (La. App. 4 Cir. 8/18/99).

⁵³ Rec. Doc. 8 at 3–4.

⁵⁴ Rec. Doc. 8-4 at 1.

⁵⁵ *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

⁵⁶ *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (emphasis added); *see Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *5 (E.D. La. Dec. 29, 2014) (Brown, J.).

9

that her damages "do not exceed $75,000" does not establish that the amount in controversy requirement was met *at the time of removal*. As other district courts in the Fifth Circuit regularly conclude, post-removal stipulations and affidavits are not dispositive on the amount in controversy question.[57] Indeed, the Fifth Circuit has made clear that a plaintiff's post-removal stipulation that the amount in controversy is less than $75,000 typically does not divest a district court of its jurisdiction once it is established.[58] Likewise, the Fifth Circuit has determined that parties may not stipulate or consent to federal subject jurisdiction after the case is removed.[59] It is well-established that "[c]onclusional allegations are insufficient to establish jurisdiction,"[60] and any ambiguities or doubts as to whether removal jurisdiction is proper should be resolved against a finding of jurisdiction and in favor of remand.[61] Accordingly, the Court finds that Plaintiff's simple post-removal response to Progressive's Request for Admission is insufficient, without more information, to establish the amount in controversy requirement was met at the time of removal.[62]

In determining if the amount in controversy requirement has been met, the burden is on the

---

[57] *See, e.g.*, *Ingram v. Glob. Hawk Ins. Co.*, No. 14-0777, 2014 WL 2739459, at *4 (E.D. La. June 17, 2014) (Berrigan, J.) (finding that the plaintiff's equivocal response to the defendant's request for admission was insufficient to establish that the amount in controversy requirement was met); *Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *5 (E.D. La. June 20, 2011) (Fallon, J.) (noting that a refusal to stipulate that a plaintiff was seeking less than $75,000 "is not dispositive of the amount in controversy . . . [and] is only one factor to consider in determining whether a removing party has met its burden, the weight of which is questionable when it comes after removal"); *Hingle v. Scottsdale Ins. Co.*, No. 08-5079, 2009 WL 361140, at *1 (E.D. La. Feb. 11, 2009) (Vance, J.) (finding that denying "for lack of information" a request for admission that the amount in controversy did not exceed $75,000 was insufficient to establish amount in controversy); *Hall v. Foremost Ins. Grp.*, No. 08-4065, 2008 WL 4507822, at *2 (E.D. La. Oct. 2, 2008) (Lemmon, J.) (finding that the defendant had not shown that the amount in controversy requirement was met, and that the plaintiff's response to the defendant's request for admission that her damages were not below $75,000 "does not change this result").

[58] *Gebbia*, 233 F.3d at 883.

[59] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[60] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

[61] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[62] *See, e.g.*, *Trahan*, 2011 WL 2470982, at *5 (noting that the weight of a refusal to stipulate is "questionable when it comes after removal").

party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[63] Here, however, the damages in this case are too speculative for the Court to find by a preponderance of the evidence that the amount in controversy requirement is satisfied. Considering all of the evidence of the amount in controversy at the time the Notice of Removal was filed, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy requirement is met at the time of removal. Therefore, the Court hereby remands this case to state court.

### IV. Conclusion

Based on the reasons stated above, the Court finds that Defendant has put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims at the time of removal, if proven, would be worth an amount in excess of $75,000. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, for lack of subject matter jurisdiction.

**NEW ORLEANS, LOUISIANA**, this _4th_ day of August, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[63] *Gebbia*, 233 F.3d at 882; *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.